UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL ENGALA,

       Plaintiff,

v.                                                         Case No. 8:08-cv-1436-T-24 TGW

HARBOUR WOOD NURSING CENTER,
INC. a dissolved Florida for-profit
corporation, and PRIME HEALTH
SERVICES GROUP HEALTH PLAN,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Second Amended Motion for Default Judgment. (Doc. No. 23). The Court previously held a hearing on her original motion for default judgment on January 22, 2009. At the hearing, the Court explained that it was denying the original motion without prejudice and granting Plaintiff leave to file an amended motion. Thereafter, the Court denied Plaintiff's amended motion for default judgment, giving Plaintiff leave to file one final motion for default judgment. (Doc. No. 20).

**I. Background**

Plaintiff filed this lawsuit on July 25, 2008. (Doc. No. 1). In her complaint, Plaintiff alleges the following: Plaintiff was employed by Defendant Harbour Wood Nursing Center, Inc. ("Harbour Wood"). Defendant Prime Health Services Group Health Plan ("the Plan") is an employee welfare benefit plan, and Plaintiff was a participant in the Plan. Harbour Wood made bi-weekly deductions from Plaintiff's paychecks that were supposed to be contributed to the Plan. Plaintiff claims that either: (1) the Plan has refused to pay her properly submitted claims,

or (2) Harbour Wood failed to make the required contributions to the Plan that were deducted from Plaintiff's paychecks. As a result, Plaintiff asserts two claims in her complaint: (1) an action to recover ERISA plan benefits from the Plan; and (2) an action for damages from Harbour Wood for civil theft under the Florida statutes.

Plaintiff served Defendants, but Defendants never responded or appeared in this case. As a result, Plaintiff obtained an entry of default against both Defendants on December 3, 2008. (Doc. No. 11).

## II. Second Amended Motion for Default Judgment

In the instant motion, Plaintiff asks the Court to enter default judgment against the Plan in the amount of $10,384.26 for benefits, $2,152.54 for premiums she paid into the Plan, plus prejudgment interest, costs, and attorneys' fees. While Plaintiff is entitled to an award of ERISA benefits that were not paid, she cannot also be awarded the premiums that she paid into the Plan that entitled her to those benefits. The evidence before the Court supports an award of $10,384.26 in unpaid benefits. (Doc. No. 19, Ex. B).

Plaintiff also requests attorneys' fees and costs. While she is entitled to such fees costs as the prevailing party, she fails to submit any documentation to support such claims. As such, the Court will give Plaintiff *one final opportunity* to submit evidence in support of her claims for attorneys' fees and costs. Such evidence must include detailed billing statements, an itemization of costs expended, and an affidavit of reasonableness executed by an attorney unrelated to Plaintiff's law firm. Plaintiff must file the motion for fees and costs no later than *March 9, 2009. No further extensions will be given and failure to file a properly substantiated motion will result in a denial of fees and costs without further leave to amend.*

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Second Amended Motion for Default Judgment (Doc. No. 23) is **GRANTED** to the extent that the Court awards Plaintiff $10,384.26 in unpaid benefits, plus prejudgement interest. Plaintiff may file a motion for attorneys' fees and costs by March 9, 2009; failure to do so will result in Plaintiff forfeiting those claims.

DONE AND ORDERED at Tampa, Florida, this 19th day of February, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record